UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BERNARD RAYMOND PEARLE VAN PELZ, <br><br> Plaintiff, <br><br> v. <br><br> TERI GONZALES, et al., <br><br> Defendants. | No. CV 12-00303-JVS (VBK) <br><br> ORDER RE DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND |

Pro se Plaintiff Bernard Raymond Pearle Van Pelz (hereinafter referred to as "Plaintiff") filed a Civil Rights Complaint Pursuant to 42 U.S.C. §1983 on January 18, 2012, pursuant to the Court's Order re Leave to File Action without Prepayment of Full Filing Fee.

**BACKGROUND**

Plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated by Defendants depriving him of proper medical attention/treatment.(Complaint at 5.) On January 15, 2011, Plaintiff, 81 years old, was walking down a corridor when an inmate in the television day room opened the door in an unusually fast and forceful

manner. Id.  The door hit Plaintiff with great force on his left temple in front of his left ear.  Plaintiff alleges he almost lost consciousness and fell to the ground with great force.  Plaintiff weighs 250 pounds and is 6 foot 4 inches tall.  Plaintiff alleges he landed on his left elbow and shoulder. His elbow was swollen and he was initially diagnosed with acute bursitis; thereafter, the shoulder injury was diagnosed as a large tear to the rotator cuff. Id. Plaintiff alleges a loss of mobility in his left arm and constant pain. (Id.)

Plaintiff was taken by ambulance to the facility hospital and x-rays were taken.  Plaintiff alleges that x-rays only show bones and no bones were broken.  An MRI was ordered weeks later after Plaintiff was seen by an orthopedic specialist, Dr. Piatek of San Luis Obispo. (Id.)  After a second visit with Dr. Piatek, he recommended surgical repair to Plaintiff's rotator cuff. (Id. at 6.)  Plaintiff alleges this information was conveyed to Defendant Dr. Greenman and her medical board, which they denied pending a second opinion.

A few weeks later, Plaintiff was transported to see Dr. Kovall in Templeton.  A second visit to Dr. Kovall was necessary because Plaintiff was taken to his office without the MRI results. Plaintiff alleges that Dr. Kovall give Defendant Dr. Greenman the recommendation she wanted. Plaintiff alleges Dr. Kovall "intimated that at my age, a repair would be a waste of money and the treatment was denied." (Id. at 6.)

Plaintiff has named the following Defendants: Susan Hubbard, Director of Prisons; Teri Gonzalez (Warden); Dr. Ellen Greenman (Chief Medical Officer); Dr. Paul Gallagher (Plaintiff's doctor); and John/Jane Does.

2

Plaintiff seeks nominal damages of $850 and compensatory damages in the amount of $100,000. (Complaint at 6.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to F.R.Civ.P. 12(b)(1). Neitzke v. Williams, 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hays, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868 (2009)(citing <u>Twombly</u>, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (<u>Id</u>.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (<u>Id</u>. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." <u>Twombly</u>, 550 U.S. at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

In civil rights cases in which the Plaintiff appears <u>pro se</u>, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a

1 claim, the Court has the discretion to dismiss the complaint with or
2 without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th
3 Cir. 2000). A pro se litigant should be given leave to amend, unless
4 it is clear that the deficiencies of the complaint cannot be cured by
5 amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d
6 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th
7 Cir. 1987).

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed.

**A. Plaintiff Has Failed to State an Eighth Amendment Claim**.

Plaintiff alleges that his Eighth Amendment rights have been violated by Defendants depriving him of proper medical attention. (Complaint at 5.) "Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 1970 (1976). Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989). Deliberate

indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs. Helling v. McKinney, 509 U.S. 25, 32-33 (1993); Estelle, 429 U.S. at 104-05.

To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson, 134 F.3d at 1398 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994). Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or difference in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.), cert. denied, 519 U.S. 1029 (1996).

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980). A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

Mere negligence in diagnosing or treating a medical condition is not violative of constitutional standards. The inmate must demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the offender had a "sufficiently culpable state of mind" in denying the proper medical care. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002), citing Wallace v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995).

Here, the Complaint is devoid of any factual allegations regarding any affirmative acts or omissions by Defendants Dr. Greenman and Dr. Gallagher regarding the intentional denial, delay or interference with Plaintiff's serious medical needs, or regarding the manner in which Plaintiff's medical care was provided. It appears that Plaintiff received treatment for his shoulder injury; however, Plaintiff appears unhappy with regard to the medical recommendations made by Defendant Dr. Greenman. As noted, differences in medical judgment or opinion do not rise to the level of a constitutional violation. The Complaint is likewise devoid of any factual allegations from which a reasonable inference could be drawn that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff therefore has failed to allege sufficient facts to state a federal civil rights claim against Defendants.

Plaintiff must set forth with particularity specific facts demonstrating each individual Defendant's "deliberate indifference" to Plaintiff's medical condition. Plaintiff should state what acts that Defendants did or failed to do to respect to Plaintiff's medical care. Plaintiff may not simply claim that he has been denied adequate medical care and then list individual Defendants.

B.   **Plaintiff's "Supervisory Liability" Claim Against Defendant Chief Medical Officer Ellen Greenman Fails**.

To the extent that Plaintiff is claiming that Defendant Chief Medical Officer Dr. Greenman should be held liable on a supervisory liability theory by virtue of her position as the Chief Medical Officer in charge of medical staff at CMC, such claim is foreclosed by the Supreme Court holding in Iqbal that the doctrine of respondeat superior is inapplicable to federal civil rights actions. See, Iqbal, 129 S.Ct. at 1948.

Liability may be imposed on an individual defendant under §1983 only if the plaintiff can show that the defendant proximately caused the deprivations of his federally protected rights of which he complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). Respondeat superior is not a sufficient basis for imposing liability under §1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663-64 n. 7, 98 S.Ct. 2018 (1978). State officials are not subject to suit under §1983 unless they play an affirmative part in the alleged deprivation. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Supervisory personnel generally are not liable under 42 U.S.C. §1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992). A supervisory official may be liable under §1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Id. at 1446-1447. To premise a

supervisor's alleged liability on a policy promulgated by the supervisor, the plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). A "failure to train" theory can be the basis for a supervisor's liability under §1983 in only limited circumstances. See City of Canton, 489 U.S. at 387-90 (liability only where failure to train amounts to deliberate indifference). Accordingly, Plaintiff has failed to state a claim against Defendant Dr. Ellen Greenman.

### C. **Defendants Are Immune From Liability In Their Official Capacities**.

Plaintiff has named Defendants Dr. Gallagher, Dr. Greenman, Teri Gonzalez and Susan Hubbard in their official capacities. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. §1983. See, 491 U.S. at 664-66. Further, the Eleventh Amendment bars Plaintiff's claims for damages from the named defendants in their official capacities. See Doe v. Lawrence Livermore Natl. Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (1992).

The Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. See Seminole Tribe of Florida v. Florida, 517

U.S. 44, 53, 116 S. Ct. 1114 (1996); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900 (1984); <u>Quern v. Jordan</u>, 440 U.S. 332, 342, 99 S. Ct. 1139 (1979). State officers acting in their official capacities receive the same immunity as the government agency that employs them. <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S. Ct. 358 (1991). Thus, a state prison official sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity.

Accordingly, Defendants are immune from official capacity damages claims against them.

## **CONCLUSION AND ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any new portion of the original Complaint. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: February 13, 2012        /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE